UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

# 23-20474-CR-MARTINEZ/SANCHEZ
CASE NO. _____

18 U.S.C. § 1960(a)
18 U.S.C. § 982(a)(1)

UNITED STATES OF AMERICA

vs.

RAUL RODRIGUEZ,
    a/k/a "raulitovigia,"

    Defendant.

_____ /

FILED BY ___SAL___ D.C.

Dec 7, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Magistrate Miami

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

### Regulation of Money Transmitting Businesses

1. The laws of the State of Florida required that a person or a business have a license to conduct a money transmitting business. Florida law punished the unlicensed operation of a money transmitting business as a felony offense.

2. Title 18, United States Code, Section 1960(b)(1)(A) required money transmitting businesses which affected interstate or foreign commerce in any manner or degree to possess an appropriate money transmitting license from the State in which they operate.

3. Title 31, United States Code, Section 5330(a), and regulations promulgated pursuant to that statute, required individuals who owned or controlled a money transmitting business to register the business with the Secretary of the Treasury no later than 180 days after the date on which the business was established.

4. Pursuant to Title 18, United States Code, Section 1960(b)(2), the term "money transmitting" included "transferring funds on behalf of the public by any and all means."

5. In March 2013, the United States Department of the Treasury's Financial Crimes Enforcement Network ("FinCEN") publicly announced that an administrator or exchanger of a virtual currency, such as Bitcoin, was required to register with the Secretary of the Treasury as a money transmitting business. See 31 C.F.R. § 1010.100(ff)(5)(i)(A).

**The Defendant and Relevant Entities**

6. On or about January 22, 2016, RV ELECTRONIC SERVICE CORP. was incorporated in the State of Florida. RV ELECTRONIC SERVICE CORP. was not licensed by the State of Florida as a money transmitting business and was not registered with the Secretary of the Treasury as a money transmitting business.

7. Defendant **RAUL RODRIGUEZ, a/k/a "raulitovigia,"** was a resident of Miami-Dade County, Florida. RV ELECTRONIC SERVICE CORP.'s corporate documents listed **RODRIGUEZ** as the registered agent and president of the company.

8. **RAUL RODRIGUEZ, a/k/a "raulitovigia,"** operated an unlicensed Bitcoin exchange business. At times, **RODRIGUEZ** converted United States currency into Bitcoin and other digital currency on behalf of customers and associates. At other times, **RODRIGUEZ** converted Bitcoin and other digital currency into United States currency on behalf of customers and associates.

9. **RAUL RODRIGUEZ, a/k/a "raulitovigia,"** provided services to several of his Bitcoin exchange customers through an online digital currency exchange platform known as "LocalBitcoins.com".

<u>**COUNT 1**</u>
**Operation of Unlicensed Money Transmitting Business**
**(18 U.S.C. § 1960(a))**

1. The General Allegations section of this Information is re-alleged and incorporated by reference as though fully set forth herein.

2. From in or around June 2015, through in or around January 2022, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**RAUL RODRIGUEZ,**
**a/k/a "raulitovigia,"**

did knowingly conduct, control, manage, supervise, direct, and own all or part of an unlicensed money transmitting business affecting interstate and foreign commerce, that is, a digital currency exchange business, which:

(a) operated without an appropriate money transmitting license in the State of Florida, where such operation is punishable as a felony under state law;

(b) failed to comply with the money transmitting business registration regulations under Section 5330 of Title 31, United States Code, and regulations prescribed thereunder; and

(c) involved the transportation and transmission of funds that were known to the defendant to have been derived from a criminal offense.

In violation of Title 18, United States Code, Section 1960(a).

<u>**FORFEITURE**</u>
**(18 U.S.C. § 982(a)(1))**

1. The allegations of this Information are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **RAUL RODRIGUEZ, a/k/a "raulitovigia,"** has an interest.

3

2. Upon conviction of a violation of Title 18, United States Code, Section 1960(a), as alleged in this Information, the defendant shall forfeit to the United States any property, real or personal, involved in such violation, or any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

3. The property subject to forfeiture as a result of the alleged offense includes, but is not limited to, a sum of approximately $5,047,462, which represents the total amount of funds involved in or derived from the alleged offense and may be sought as a forfeiture money judgment.

4. If any property subject to forfeiture, as a result of any act or omission of the defendant,

    (a) cannot be located upon the exercise of due diligence,

    (b) has been transferred or sold to, or deposited with, a third party,

    (c) has been placed beyond the jurisdiction of the Court,

    (d) has been substantially diminished in value, or

    (e) has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

All pursuant to Title 18, United States Code, Section 982(a)(1), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

CHRISTOPHER B. BROWNE
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

RAUL RODRIGUEZ,
    a/k/a "raulitovigia,"
_____/
                Defendant.

CASE NO.: _____

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of counts _____

**Court Division** (select one)
☒ Miami      ☐ Key West    ☐ FTP
☐ FTL        ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) Yes
   List language and/or dialect: Spanish
4. This case will take __0__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:
   (Check only one)                    (Check only one)
   I    ☒ 0 to 5 days                  ☐ Petty
   II   ☐ 6 to 10 days                 ☐ Minor
   III  ☐ 11 to 20 days                ☐ Misdemeanor
   IV   ☐ 21 to 60 days                ☒ Felony
   V    ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) Yes
   If yes, Judge Scola     Case No. 19-20109-CR-RNS
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

By: _____
CHRISTOPHER B. BROWNE
Assistant United States Attorney
FL Bar No.    91337

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**:  RAUL RODRIGUEZ

**Case No**: _____

Count # 1:

Operation of Unlicensed Money Transmitting Business

Title 18, United States Code, Section 1960(a)
* **Max. Term of Imprisonment:** Five (5) years' imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):**   N/A
* **Max. Supervised Release:** Three (3) years
* **Max. Fine:**  Greater of $250,000 or twice the pecuniary gain derived from the offense

*Refers only to possible term of incarceration, supervised release, and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America )<br>v. )<br>RAUL RODRIGUEZ, )<br>a/k/a "raulitovigia," )<br>*Defendant* ) | Case No. |

**WAIVER OF AN INDICTMENT**

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Manuel Gonzalez, Jr.
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*